**Bertha THOMAS, Individually and as Administratrix of the Estate of Harold Thomas, Deceased, Appellant,**

v.

**LAMAR UNIVERSITY—BEAUMONT and Omega PSI PHI Fraternity, Inc., Appellees.**

**No. 09–91–188 CV.**

Court of Appeals of Texas, Beaumont.

April 16, 1992.

James A. Morris, Jr., Greg Thompson, Umphrey, Eddins & Carver, Beaumont, for appellant.

Frank D. Calvert, Benckenstein, Oxford & Johnson, Paul W. Gertz, Orgain, Bell & Tucker, Beaumont, for appellees.

Before WALKER, C.J., and BURGESS and WHITHAM [1], JJ.

## OPINION

BURGESS, Justice.

Bertha Thomas appeals summary judgment granted in favor of Lamar University—Beaumont ("Lamar") and Omega Psi Phi Fraternity, Inc. ("the Fraternity"). Ms. Thomas' son Harold was a Lamar student who had applied for membership in Omega Psi Phi fraternity. Harold died of heart failure as a result of a six-mile run on the Lamar track during what appellant contends was pledge hazing of Harold and three other young men. Ms. Thomas filed suit both individually and as administratrix of Harold's estate against Lamar, the Fraternity, Upsilon Theta ("the local chapter"), Upsilon Theta Graduate Chapter ("the alumni chapter"), and David Smith, who allegedly directed the hazing. The trial court entered summary judgment in favor of Lamar and the Fraternity and severed that portion of the suit. Appellant raises two points of error.

■ Point of error one challenges the granting of the Fraternity's motion for summary judgment, on the grounds that a fact issue exists regarding the negligence of the Fraternity in supervising its members.

The Fraternity's summary judgment motion urged: (1) the Fraternity had no connection with the person who directed the activity, as David Smith was neither a Fraternity member nor a Lamar student; (2) Harold Thomas was not a pledge on the date of his death because his application had been rejected due to his grade point average; and (3) the activity was purely voluntary. The Fraternity supported its contentions with deposition testimony of Harold Thomas' "pledge brothers," Kevin Jones and Steven Perry.

The Fraternity claims there is no fact issue that David Smith was not a member of the Fraternity, but the summary judgment evidence includes 1986 Lamar correspondence which lists Smith as a fraternity member. Smith's arm bore the Omega brand, which Perry and Jones testified was seared into the flesh of Omega Psi Phi brothers after they were initiated into the Fraternity. Smith held himself out as a fraternity member in the presence of Omega brothers and directed activities which were in furtherance of the fraternal bonding process. Perry testified that David Smith was treated as a member of Omega Psi Phi by the other members of Omega Psi Phi, and that the potential pledges were instructed to follow Smith's orders as they would other members. Jones admits in his deposition that they all believed Smith was a fraternity member at the time.

Although it is evident that the official pledge period had not begun, the participants were eager to "get started" and their activities on the day in question were in furtherance of the objectives of the Fraternity. The young men spent that day running errands for the fraternity brothers and performing inane tasks at their direction. Steve Perry continued to run errands for Smith while Harold Thomas lay dying on the track. Shelby Wilridge was an officer in the local fraternity and knew about the activities that day. He even assigned some tasks to the potential pledges. Wilridge was aware that Harold Thomas was a participant. According to Steven Perry, they agreed to perform the activities the members asked them to, and they were doing that in pursuit of being accepted into the membership.

The Fraternity submitted testimony that Thomas was not a pledge because he did not meet the academic qualifications for membership. Nevertheless, it is undisputed that the Fraternity members fully included him in the activities that day, that those activities were perceived by all parties involved as part of the process which creates the fraternal bond, and even though they were all aware that they were acting outside the scope of officially endorsed fraternal organization activities, that is precisely what they were doing.

1. Honorable Warren Whitham, retired, Court of Appeals, Fifth District at Dallas, sitting by assignment pursuant to Tex.Gov't Code Ann. § 74.-003(b) (Vernon 1988).

Jones' affidavit made in April of 1987 refers to Thomas as one of "two guys who were supposed to pledge with us." This testimony was inconsistent with his deposition testimony taken in April of 1991 and could be considered by a jury.

The local fraternity was chartered by the appellee Fraternity. Fraternity members participated in the other activities that day and had knowledge of what Smith was doing as part of those activities. The Fraternity clothed its members with the indicia of a fraternal organization and a mystique powerful enough to entice adult university students to run around a building carrying cups or brand Greek letters on their bodies. There is some summary judgment evidence that Thomas was pursuing membership in the Fraternity, that David Smith was acting for the organization, and that members of the Fraternity had knowledge of Smith's activities and clothed him with the authority of a "big brother." The weight to be given that evidence and the credibility of the witnesses is for a jury to determine.

We find that Omega Psi Phi Fraternity, Inc. failed to establish through its summary judgment evidence that there is no genuine issue of material fact as to one or more of the essential elements of Thomas' cause of action and that the Fraternity is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company Inc.*, 690 S.W.2d 546, 548 (Tex.1985). Point of error one is sustained.

■ Point of error two challenges the granting of Lamar's motion for summary judgment on the grounds that a fact issue exists as to a condition or use of real property by Lamar which constitutes a waiver of sovereign immunity under the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

■ Thomas contends that the track was owned by Lamar and was always accessible with no supervision over its use by Lamar officials. Although the track was owned by the university, there is no summary judgment evidence that Lamar was actually using the track at the time. *See Smith v. University of Texas*, 664 S.W.2d 180 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

Those using the track were students, not university employees. The decision to make the track available to the public is a policy decision, as was the decision not to supervise its use by the public. Such discretionary powers are excluded from the waiver provisions of section 101.056 of the Tort Claims Act. Thomas claims that Lamar was negligent in its supervision of the students and in failing to provide medical care for Harold Thomas, but she failed in her summary judgment response to set out for the trial court how this negligence involved the use of real property. Absent such a showing, there is no basis for a waiver of sovereign immunity pursuant to section 101.021(2) of the Tort Claims Act. Finally, although a Lamar professor was present at the track at the time, there is no summary judgment evidence that he was involved in the incident in any way, or that he had any duty or authority to act on behalf of Lamar in supervising members of the public using the track. We find no error by the trial court entering summary judgment in favor of Lamar University. Point of error two is overruled.

Point of error one is sustained. Since it applies only to the summary judgment granted in favor of Omega Psi Phi Fraternity, Inc., we sever the appeal affecting the Fraternity and reverse and remand for trial on the merits.

Point of error two is overruled and the summary judgment in favor of Lamar University—Beaumont is affirmed.

SEVERED, REVERSED AND REMANDED IN PART; AFFIRMED IN PART.